UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRBY DORIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2297** |
| **MARLON GUSMAN** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kirby Doris, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, apparently complaining about the conditions of confinement within the Orleans Parish Prison system in the immediate aftermath of Hurricane Katrina.

Due to the vague nature of plaintiff's complaint, the undersigned United States Magistrate Judge set a Spears hearing in this matter for June 8, 2006. However, on May 15, 2006, an official from the Allen Correctional Center, plaintiff's address of record, notified the Court by telephone that plaintiff was no longer at that facility.[1] Because plaintiff's whereabouts were unknown, the Spears hearing had to be canceled.[2]

---

[1] The Court, on its own initiative, subsequently located plaintiff at the Concordia Parish Correctional Center; however, the Court has since been notified that he is no longer at that facility.

[2] Rec. Doc. 9.

The Court notes that the complaint plaintiff signed contained the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."[3] Because plaintiff has failed to meet that obligation, the Court has no way to advance his case on the docket.

Additionally, the Court notes that Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

All mail sent by this Court to plaintiff at his address of record has been returned as undeliverable, and more than thirty days have elapsed since the first mail was returned.[4]

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[3] Rec. Doc. 1.

[4] Rec. Docs. 7 (returned May 26, 2006), 8 (returned May 26, 2006), and 10 (returned June 20, 2006).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, all mail sent to plaintiff has been returned as undeliverable, he is no longer incarcerated at his address of record, and he has failed to provide this Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to contact him to schedule a Spears hearing or to otherwise advance his case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twenty-seventh day of June, 2006.

                                         _____
                                         **SALLY SHUSHAN**
                                         **UNITED STATES MAGISTRATE JUDGE**